IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS L. JACKSON, #640241,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:13-CV-0100-L-BK |
| | § | |
| J. WELCH, et al.,<br>    Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a Texas state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983 against Correctional Officers J. Welch and A. Wyatt and Lieutenant D. Tatum. For the reasons that follow, this case should be dismissed in part as frivolous.

**I. BACKGROUND**

In the complaint and answers to the Court's questionnaire, Plaintiff alleges that Defendants Welch, Wyatt, and Tatum were deliberately indifferent to his medical needs and verbally abused and harassed him in violation of his Eighth Amendment right while he was incarcerated at the Dawson State Jail of the Texas Department of Criminal Justice (TDCJ) in Dallas, Texas. (Doc. 3 at 3-4; Doc. 10, ans. 2-5). Specifically, Plaintiff alleges that on February 9, 2012, only ten days after an emergency appendectomy at the University of Texas Medical Branch (UTMB) in Galveston, Defendants Welch and Wyatt deliberately refused to provide him a lunch tray and verbally abused him while he was waiting in the clinic for a doctor appointment. *Id.* Ultimately, due to the lack of food, Plaintiff became nauseated and vomited, which caused internal swelling and pain in his abdominal area, requiring a follow-up visit to the clinic along with anti-nausea and pain medication. (Doc. 10, ans. 2-6). Because the internal swelling and

pain worsened, on February 11, 2013, the doctor ordered that Plaintiff be transported to the nearest emergency room as soon as possible. *Id.* Plaintiff, alleges, however, that Defendant Tatum intentionally delayed for about three hours before doing so. *Id.* Eventually, Plaintiff was admitted to the hospital and, the next day, he was transferred by emergency vehicle to UTMB. (Doc. 10, ans. 8). Plaintiff seeks monetary damages. (Doc. 3 at 4).[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, Plaintiff's claims should be dismissed, in part, as frivolous.

Plaintiff asserts that Defendants Welch, Wyatt, and Tatum verbally abused him. (Doc. 3 at 4; Doc. 10, ans. 2-5). However, mere verbal abuse or harassment by a prison guard does not amount to a constitutional violation. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). Therefore, Plaintiff's claims of verbal abuse are legally frivolous.

---

[1] He also requests that Defendants be "discipline[d]." However, such a request is not cognizable in this civil rights action.

2

Moreover, insofar as Plaintiff sues Defendants Welch, Wyatt, and Tatum in their official capacity, they are absolutely immune. Because the complaint is considered to be a suit against the officials' office – i.e., TDCJ -- the complaint would be barred by sovereign immunity as a suit against the state itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (states or state entities are not persons subject to suit under section 1983, because of the Eleventh Amendment). TDCJ, as a state instrumentality, is immune from a suit seeking monetary relief on Eleventh Amendment grounds. *Mayfield v. TDCJ*, 529 F.3d 599, 604 (5th Cir. 2008).

Lastly, in a handwritten attachment to the complaint, Plaintiff also names as Defendants, in both their official and individual capacities, TDCJ Executive Director Brad Livingston and Dawson State Jail Warden Michael Phillips. (Doc. 3 at 9). However, Plaintiff's pleadings confirm that he is suing only Defendants Welch, Wyatt, and Tatum. (Doc. 3 at 1, 3; Doc. 10, ans. 2). Nevertheless, even assuming Plaintiff intended to sue Livingston and Phillips, they should be summarily dismissed. Any suit against Livingston and Phillips in their official capacity would be barred by sovereign immunity as a suit against TDCJ, a state instrumentality. In addition, Plaintiff alleges no direct involvement by Livingston and Phillips in their individual capacity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims for verbal abuse and harassment and any official-capacity claim against Defendants Welch, Wyatt, and Tatum be **DISMISSED** with prejudice as frivolous. S*ee* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In

addition, all claims against Brad Livingston and Michael Phillips**,** insofar as Plaintiff is seeking to sue them in this action, should also be **DISMISSED** with prejudice as frivolous.[2]

SIGNED May 19, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Contemporaneously with this recommendation, the Court has ordered the issuance of process on Defendants Welch and Wyatt for deliberate indifference in denying Plaintiff a lunch tray, and on Defendant Tatum for deliberate indifference in delaying for three hours his transfer to the nearest emergency room.